**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Fred J. Clifford


     v.                                Civil No. 07-cv-244-PB


John Potter, Postmaster General,
United States Postal Service, et al.[1]


**O R D E R**


     Pro se plaintiff Fred Clifford has filed suit against
several officers of the United States Postal Service ("USPS")
pursuant to the Americans with Disabilities Act, 42 U.S.C. §
12101, et seq. ("ADA"), the Rehabilitation Act of 1973, 29 U.S.C.
§ 701, et seq. ("Rehab Act"), the Family Medical Leave Act of
1993, 29 U.S.C. § 2601, et seq. ("FMLA"), and 42 U.S.C. § 1983.
Clifford alleges that the defendants discriminated against him on
the basis of his disability, refused to reasonably accommodate
his disability, and illegally terminated him from his position
with the USPS.  Because plaintiff is proceeding pro se and has
paid his filing fee, the complaint is before me for preliminary

---

[1]In addition to John Potter, the plaintiff names these
additional USPS employees as defendants to this action: James
Adams, New Hampshire/Vermont District Manager and John Steele,
Northeast Regional Coordinator.

review to determine whether this Court's subject matter
jurisdiction has been invoked.  <u>See</u> United States District Court
for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(A).

Standard of Review

Under this Court's local rules, when a plaintiff commences
an action pro se, the magistrate judge is directed to conduct a
preliminary review.  LR 4.3(d)(1)(A).  In conducting the
preliminary review, the Court construes pro se pleadings
liberally, however inartfully pleaded.  <u>See</u> <u>Erickson v. Pardus</u>,
___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following <u>Estelle v.
Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Haines v. Kerner</u>, 404 U.S.
519, 520–21 (1972) to construe pro se pleadings liberally in
favor of the pro se party).  "The policy behind affording pro se
plaintiffs liberal interpretation is that if they present
sufficient facts, the court may intuit the correct cause of
action, even if it was imperfectly pled."  <u>See</u> <u>Castro v. United
States</u>, 540 U.S. 375, 381 (2003) (noting that courts may construe
pro se pleadings so as to avoid inappropriately stringent rules
and unnecessary dismissals of claims); <u>Ahmed v. Rosenblatt</u>, 118
F.3d 886, 890 (1st Cir. 1997).  All of the factual assertions
made by a pro se plaintiff and inferences reasonably drawn

therefrom must be accepted as true.  <u>See</u> <u>id.</u>  This review ensures
that pro se pleadings are given fair and meaningful
consideration.

<u>Discussion</u>

I.    <u>Factual Background</u>

    Fred Clifford worked for the USPS for 34 years as a
clerk/mail distributor.  Clifford alleges that, he has two
disabling illnesses, alcoholism and major depression.  Clifford
asserts that he took time off of work because of these illnesses,
and that he was entitled to the time under the FMLA and the Rehab
Act.  The defendants refused to accommodate Clifford's need for
time off, classifying it as unduly burdensome to the USPS.
Instead, Clifford's employment was terminated on June 27, 2006
for excessive absences.

    Clifford appealed his termination to the Equal Employment
Opportunity Commission ("EEOC").  On April 30, 2007, an
Administrative Judge at the EEOC ruled that Clifford had not been
illegally discriminated against and denied him relief.  The USPS
entered a final decision affirming that ruling.  This action
followed the USPS' notification to Clifford that his appeal had
been denied.

3

II.  <u>Subject Matter Jurisdiction</u>

Federal Courts are courts of limited jurisdiction.  <u>Kokkonen</u>
<u>v. Guardian Life Ins. Co. Of Am.</u>, 511 U.S. 375, 377 (1994).  The
presumption is that a federal court lacks jurisdiction.  <u>Id.</u>
Consequently, the burden is on the plaintiff who claims
jurisdiction to affirmatively allege jurisdiction and prove it.
<u>Id.</u>; <u>see also</u> <u>Bender v. Williamsport Sch. Dist</u>, 475 U.S. 534, 541
(1986).  To bring a civil action within the court's subject
matter jurisdiction, a plaintiff must allege that his action
either involves a federal question, or involves citizens from
different states and an amount in controversy in excess of
$75,000.  <u>See</u> 28 U.S.C. §§ 1331 & 1332.  If it appears that the
courts lacks subject matter jurisdiction over the matter, the
court is required to dismiss the action.  Fed. R. Civ. P.
12(h)(3).

Clifford has filed suit specifically alleging causes of
action under § 1983, the ADA, the FMLA, and the Rehab Act.
Plaintiff has therefore invoked the federal question jurisdiction
of this Court.  <u>See</u> 28 U.S.C. §1331 (authorizing District Court

jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States.").[2]

III.  <u>Service</u>

Plaintiff is required to serve a summons and a copy of the complaint upon a defendant to a civil action within 120 days of the date the complaint was filed or else the court may dismiss the case for failure to prosecute.  Fed. R. Civ. P. 4(m).[3]  As of November 15, 2007, 101 days after the complaint in this case was filed, the plaintiff has filed neither summonses for processing nor any certificate of service indicating that either of the

---

[2]For purposes of preliminary review, the plaintiff has also adequately alleged that he has exhausted his administrative remedies, to the extent such exhaustion may be necessary, to establish this Court's subject matter jurisdiction.  I make this finding only for purposes of preliminary review, and without prejudice to the defendants' ability to raise the issue of exhaustion of administrative remedies at a later date.

[3]Fed. R. Civ. P. 4(m) states:

> [T]he court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

defendants have been served with a copy of the complaint.[4]  In accordance with Fed. R. Civ. P. 4(m), plaintiff is hereby notified that this case may be dismissed without prejudice on December 4, 2007, unless the Court receives return of service documents or a motion to extend time to effect service by that date.

**SO ORDERED**.

_James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date:      November 16, 2007

cc:      Fred J. Clifford, pro se

---

[4]The Court's docket in this case indicates that summons were issued by mail on August 9, 2007.